## NANCY E. OLIVER, Appellant, v. J. M. EPPERSON et al., Respondents.

**St. Louis Court of Appeals. Argued and Submitted December 7, 1914. Opinion Filed January 5, 1915.**

1. **HUSBAND AND WIFE: Occupancy of Real Estate: Liability of Wife for Rent.** Where the use of certain real estate was bequeathed to a married woman, by the will of her father, for one year after his death, together with a proportionate part of the proceeds of a sale then to be made by the executor, and she and her husband held over for a further period during litigation, in which she unsuccessfully attempted to enforce a claim to the fee title to the land, she, and not her husband, was liable for the use and occupation, which claim was properly allowed as a set-off against her share of the proceeds.

2. **PARTIES: Misjoinder: Waiver.** Where plaintiff elected to sue the executor of her father's will for her share of the proceeds of land sold by the executor, who was not a distributee, and the distributees were made parties defendant and they and the executor set up an offset for the reasonable value of the land while it was occupied by plaintiff before the sale, plaintiff was in no position to thereafter object to the administrator as a party defendant.

3. **APPELLATE PRACTICE: Review: Matters not Embodied in Record.** Whether a bond given in prior litigation was a supersedeas or only a bond for costs, could not be determined, on a subsequent appeal, where the bond was not preserved in the record presented on such subsequent appeal.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart*, Judge.

AFFIRMED.

*O. D. Jones* for appellant.

*L. F. Cottey* for respondents.

REYNOLDS, P. J.—Plaintiff below, appellant here, brought her action against the defendant Epper-

son, one of the respondents, setting up in her petition that that defendant is indebted to her in the sum of $520, with interest at six per cent from January 1, 1912, for which and costs she demands judgment. On what this claimed indebtedness accrued is not stated. On motion of defendant, other parties, heirs and devisees of one C. M. Coe, were joined as defendants, and Epperson and these other parties answered, setting up that Epperson is the duly qualified and acting executor of Coe, who died testate November 8, 1907; that plaintiff is the daughter of C. M. Coe, and by the terms of his will entitled to the use and control of certain real estate of the deceased for one year next after his death, the real estate consisting of about seventy-one acres, with dwelling house, barn, etc., in Knox county; that the will provided that this real estate should be sold by Epperson as executor for cash and the proceeds divided equally between the children and grandchildren of the deceased, naming them, there being seven including plaintiff, these seven constituting the distributees; that on April 29, 1908, while plaintiff was in possession of this land under the will, she brought a suit in equity in the circuit court of Knox county against the other children and grandchildren of the deceased, who are the defendants herein, as well as against the defendant Epperson, as executor of the will of C. M. Coe, claiming in her bill to be the owner in fee of all of said land by virtue of a verbal contract made with her father C. M. Coe in his lifetime, and praying that the title to the land be quieted as against the defendants and vested in plaintiff and that it be adjudged and decreed that she is the owner of the land in fee simple; that on the trial of this suit at the June term, 1908, of the circuit court of Knox county, it was adjudged that the plaintiff's bill be dismissed, defendants being awarded a judgment for costs; that from this judgment plaintiff at that term of court perfected her appeal to the Supreme Court,

giving an appeal bond in the sum of $600, which it is averred in the answer operated as a *supersedeas* to stay proceedings pending the appeal to the Supreme Court, and that afterwards on December 19, 1911, the judgment of the circuit court was affirmed by the Supreme Court. There is the further charge that by virtue of this suit in equity and the appeal with the *supersedeas* as aforesaid, plaintiff was enabled to and did remain in possession of the land from the date of the death of her father C. M. Coe, which occurred on November 8, 1907, until March 1, 1912, this, it being averred, being a period of more than three years longer than plaintiff was entitled to the use and occupation of the land under the will of her father; that during this period of three years immediately prior to March 1, 1912, plaintiff was wrongfully in possession, use and occupancy of the land and used and farmed the same for her own use and benefit, and that the reasonable value of this use was at the rate of $200 a year, or $600 for the three years.

It is further averred that the defendant Epperson, acting in his capacity as executor of the will of C. M. Coe sold the land for $3600, but because plaintiff was in the sole control and possession of the land pending her appeal to the Supreme Court, he was unable to consummate the sale or collect any of the purchase price except the sum of $100, which was paid at the time of the contract for the sale, until March 1, 1912, on which latter date plaintiff surrendered possession of the land and the defendant Epperson received the balance of the purchase price, namely, $3500; that after paying the commissions, attorney's fees and other costs made necessary by the suit in equity which plaintiff had instituted, there were left for distribution in the hands of Epperson not to exceed some $3000, of which plaintiff's distributive share would be $428.57, which distributive share, it is averred, plaintiff would be entitled to upon the payment of the rents which she owes

for the use and occupation of the land; that being, as before stated, $600; that all of the defendants, except Epperson, are distributees under the will and entitled respectively as such distributees to the rental value of the land for the time it was used and occupied wrongfully by plaintiff in the sum of $600, which they plead as a counterclaim to the cause of action alleged in plaintiff's petition. Averring that there was no merit in plaintiff's suit; that she is insolvent and that it would be unjust and unfair to the other distributees named in the will to allow plaintiff to keep the rents and profits of the land for three years, amounting to $600, and at the same time share equally with the other distributees in the proceeds of the sale, and averring that plaintiff has refused to repay or adjust in any manner her indebtedness to defendants for the use and occupation of the farm, although frequently requested and urged to do so, judgment over is claimed for $600 and costs.

Replying to this answer in so far as it concerns Epperson, plaintiff admits that Epperson was duly appointed and qualified and acting as executor of the will of C. M. Coe, deceased, but denies that he is now qualified and acting under the will, averring that on November 16, 1911, he filed his final settlement, which was acted upon by the probate court and approved, but that Epperson was not finally discharged as executor by order of the court, "on account of the said estate being in litigation." It is further averred that the executor has not reported the sale of the land and is not in fact or in law acting as executor under the will; admits the allegation made by defendants as to the will of C. M. Coe, and that on April 28, 1908, she (plaintiff) brought her suit in equity in the circuit court of Knox county against all of these present defendants, claiming in her petition in that case to be the owner in fee of the tract of land before referred to by virtue of a contract made

186MoApp40

between her and her father in his lifetime, and asking that title to the land be adjudged in her in fee and defendants adjudged to have no title therein; admits the fact of the decree going against her in that suit and her appeal from the judgment to the Supreme Court and avers that the bond therein given acted only as a *supersedeas* to stay collection of the costs in the cause; that neither she nor the defendants in that cause sued for or claimed any rents, nor did they demand that possession be adjudged to either party, she avers that the bond was not a *supersedeas* as to possession or rents during the three years of the litigation; admits, however, that the judgment of the lower court was affirmed by the Supreme Court and "that the plaintiff did remain in possession of said seventy-one acres of land until about March 1, 1912, and admits she was entitled to the use and occupancy thereof, according to the terms of the will, for the space of one year after the date of the death of her father." Denying every other allegation in the answer of the defendant Epperson, plaintiff avers that for the term of about three years, and while the above referred to litigation was pending, she (plaintiff) lived on the lands with her husband, he being her husband now and during all of the litigation and as such, in law, is the head of the family, and that he occupied and farmed the lands during that period and that if any rents are due to any of the defendants in the cause, they are due from her husband on his implied contract, "if any contract was made for the use and occupation of said land;" admits the sale of the land by defendant Epperson, as executor, for $3600; charges that he sold it before the expiration of the year; that she, plaintiff, was entitled to the possession on February 28, 1908. Denies that her distributive share of the proceeds of the sale is only $428.57; denies she is indebted to defendants or to the estate of her father for the rental value of the land for three years, or for any other term, in any

sum, and avers that she claims her distributive share in the proceeds of the sale in the sum alleged in her petition and asks judgment as prayed in her petition, further averring that defendant Epperson is not the acting executor of the estate at this time, "and as such executor that he has no interest in the distributive share of this plaintiff, and that it is his duty as defendant in this cause to pay her (plaintiff), her distributive share and for which she asks judgment and costs."

The reply to the answer of the other defendants is practically the same as is the reply to the answer of Epperson, omiting the allegations as to him, but repeating in this reply that under the terms of the will of her father she was entitled to the use and control of the real estate for the term of one year next after the date of his decease, and that on April 28, 1908, she "was in possession of said lands and she did bring a suit in equity as alleged in the answer, claiming to be the owner in fee of said lands by virtue of contract with her said father," etc.

The cause was tried before the court substantially on an agreed statement of facts in which, among other things, it was agreed that the rental value of the seventy-one acres of land referred to was $180 per annum, being $540 "for the three years it was occupied by plaintiff, to-wit, from March 1, 1909, to March 1, 1912;" that plaintiff is and was a married woman, living with her husband at all the times mentioned in the pleadings and is still a married woman living with her husband. The will of C. M. Coe is set out in full and provides, among other things, that the plaintiff Nancy E. Oliver, "have sole use and control of all of my real estate for one year after my death, and at the end of that year all my real estate to be sold by the executor of this will without an order from the probate court, and the proceeds of the sale be divided equally among the following named persons," naming his liv-

ing sons and daughters and two grandsons and a grand-daughter, the defendants here, and authorizing the executor named, that is the defendant Epperson, to sell the real estate at private sale, if in his judgment he should deem it to be to the interest of all concerned. By the statement it was further agreed that the executor did not complete the sale of the real estate or collect the purchase money until March 1, 1912, and that he did not report the sale to the probate court, but filed his final settlement. That court made an order approving it but further providing that "on account of the said estate being in litigation said executor is not discharged." The appraised value of the personal property bequeathed to plaintiff by her father in his will was set out and it was admitted that plaintiff had subsequently turned over to the executor $123.24 to be applied on the funeral expenses of her father and for other costs, and that plaintiff had given the executor a receipt for the personal property, enumerating it and valuing it at $848.30, plaintiff agreeing in this receipt, "In case of debts proven against estate and no personal property to pay them, I agree to refund all or so much of the personal of said estate as may be necessary to pay said debts and the costs of the administration of said personal estate, and not real estate." It was further agreed that plaintiff and her husband are insolvent and that plaintiff does not claim to be the owner of any property except the money in controversy in this suit.

Over the objection of plaintiff, defendants, on the trial, in addition to this stipulation, introduced in evidence the report of the sale of the real estate filed in the probate court June 17, 1912, and approved by the probate court of Knox county. This was all the evidence in the case.

At the conclusion of the trial plaintiff asked several declarations of law, the material ones being that on the pleadings and evidence the debt for rents is

the debt of the husband of plaintiff for use and occupation of the lands, and that the money sued for in the hands of defendant Epperson belongs to plaintiff, being the proceeds of land that constituted her separate estate which cannot be taken by defendant for the debt of her husband, unless it be to pay a debt contracted by him for necessaries for plaintiff and her family, and that the answers interposed by defendants do not constitute any defense to plaintiff's right to recover in law or equity. .These were refused, plaintiff excepting. Other points were covered· by the declaration asked, but are not material to be here noticed, those noted being covered by the assignments of error.

The court found the issues joined in favor of plaintiff on her cause of action, but further found in favor of defendants on their counterclaim and set-off, allowing the sum of $540, as the stipulated value of the rental of the real estate from March 1, 1909, to March 1, 1912. The court further found that plaintiff was a legatee under her father's will and would be entitled to her distributive share in the net proceeds of. the sale of the land mentioned in the pleadings, if she was not indebted to the estate, but that as she owed the estate the sum of $540 for rental for the three years mentioned, and as that is more than her distributive share and more than the sum claimed in her petition, and as plaintiff is insolvent and no judgment asked against her except for costs, ''it is therefore considered and adjudged by the court that plaintiff take nothing by her suit herein; it is further considered and adjudged by the court, that the money sued for by plaintiff is the property of the defendants, other than the defendant Epperson and should be by said Epperson distributed to the other defendants upon his settlement of said estate.'' The costs were adjudged against the plaintiff and execution ordered. Interposing a motion for new trial and one in arrest, and excepting to the action of

the court in overruling these motions, plaintiff has duly perfected her appeal to this court.

Appellant assigns four errors: first, that the trial court erred in finding and holding that plaintiff was indebted to the estate for the use of the lands; second, that it erred in refusing to find that the claim of the estate, if any, was simply for use and occupation, on a contract implied by law against the husband; third, in refusing to find that the debt, if any, was one in the nature of necessities for the family, for which the husband alone is liable; and fourth, in finding that the rental belonged to the estate and to the defendants, and that it could be held and applied as an offset against plaintiff's distributive share in the estate.

It is said by learned counsel for appellant that "this case is part of the aftermath of the case of Oliver v. Johnson, 238 Mo. 359, 142 S. W. 274," and that the executor did not complete the sale of the land which he had contracted for until March 1, 1912, after the decision of that case, and that in the meantime "the plaintiff and her husband occupied the seventy-one acres in litigation without any contract with the executor or any one else," that they merely held over about three years longer than contemplated by the will.

In point of fact this claim that the husband and not the wife was the occupant of the land, is the gist of the foundation of the claim here set up by the appellant in resisting the demand of the defendants, and charging her, as against her distributive share in the estate of her father, with the rental value for use and occupation of this seventy-one acres of land. All the parties to this litigation have evidently tried it in the circuit court with the knowledge, not only on their part, but on that of the court, of the proceedings in that same court in Oliver v. Johnson, supra, and it will facilitate an understanding of all the facts in-

volved to consult the statement of facts and opinion of
the Commissioner in that case.

It appears by the pleadings in the case at bar as
well as by an examination of the amended petition,
which it set out in Oliver v. Johnson, supra, that dur-
ing all the time of the litigation in which the present
plaintiff sought to have title vested in her to the
seventy-one acres, that she claimed to be in possession
of it as owner in fee under contract with her father.
Even in the agreed statement of facts filed in this case
it is set out that the rental value of the land "was
$180 per annum or $540 for the three years it was oc-
cupied by plaintiff." The attempt now made to claim
that this was the occupancy of the husband, is not con-
sistent with the act or conduct of the plaintiff through-
out this long litigation, and the trial court very prop-
erly found that this was a debt due from plaintiff to
the estate or to the devisees. It is true that there was
no express contract of rental or of landlord and ten-
ant, but plaintiff occupying the land claimed it as her
own. While it is agreed "that plaintiff is and was a
married woman, living with her husband, N. S. Oliver,
at all the times mentioned in the pleadings, and that
she is still a married woman living with her said hus-
band," there is not a word of testimony, either by the
agreed statement or outside of it, that the possession
was the possession of the husband, or that he, as owner,
or tenant, or otherwise than as husband of plaintiff, oc-
cupied or farmed the lands, or did so in his own right.
On the contrary, the presumption is that as the wife,
claimed to be owner, the occupancy of the husband
was in right of the wife—an occupancy in no manner
inconsistent with his marital duty of providing her
with a home. Having a home of her own in which the
husband was content to also dwell, he was under no
necessity to provide her another. There are many hus-
bands in this State who are occupiers of the lands
and tenements of the wife; but that occupancy does

not necessarily determine the question of who is to be held as tenant. Here the conclusion which must be drawn from the admitted facts is, that the occupancy by the husband was in right of his wife and not under any claim of his own. The wife claiming the premises as her own, is bound for the reasonable value of the use and occupation, notwithstanding the fact that her husband may have been bound to provide a home for her during the continuance of their marital life. According to all the facts in this case as shown by this record, the possession of the tract of land through the three years of the litigation was the possession of the plaintiff as in her own right, as she claimed, and she was the responsible party for the rental value of this property: as she owed the estate this, it was properly offset against her distributive share.

As no suggestion is made of the improper joinder of parties defendant, we do not pass on that proposition. Surely the plaintiff having elected to sue the administrator cannot object to him as a party defendant.

It is said in argument by counsel for appellant, that the bond given on the appeal in the case of Oliver v. Johnson et al., supra, was not a *supersedeas* except as to costs. That point cannot be here determined, as the bond does not appear in the record. Ordinarily, however, a bond given in a case such as that referred to, acts as a *supersedeas* of the whole judgment from which the appeal is prosecuted.

We see no reason to disturb the finding of the learned trial court in this case and think that it should be affirmed. It is so ordered. *Nortoni* and *Allen, JJ.*, concur.